UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS D. TURNER, | Case No. 1:25-cv-00677-EPG (PC) |
| Plaintiff, | ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES |
| v. | |
| A. YERS, | AND |
| Defendant. | ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

Plaintiff Marquis D. Turner is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

In his amended complaint, Plaintiff alleged that Defendant A. Yers, a nursing assistant at the California Substance Abuse Treatment Facility ("CSATF"), sexually harassed him on May 27, 2024, in violation of the Eighth Amendment. (ECF No. 13). Following screening, the Court found Plaintiff's claim cognizable (ECF No. 14 at 5) and ordered service of the complaint under the Court's E-Service pilot program for civil rights cases by providing copies of relevant documents electronically to the California Department of Corrections and Rehabilitation ("CDCR") and the California Attorney General's Office (ECF No. 15).

In response, the CDCR timely filed with the Court its Notice of Intent to Not Waive Service. (ECF No. 18). In the Notice, CDCR indicated that it was "unable to identify" Defendant Yers as "[n]o record of employee by this name at CDCR." (*Id.*). On May 5, 2026, the U.S. Marshals Service returned the summons unexecuted and advised that A. Yers was not at the service address. No alternate address was provided. (ECF No. 19).

To proceed against Defendant Yers, Plaintiff must identify an alternate address and serve this Defendant. Plaintiff will have an opportunity to seek information to learn Defendant Yers' current address and contact information. However, it remains Plaintiff's responsibility to serve Defendant Yers.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovering the current address and contact information for Defendant A. Yers so that this case may proceed. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from the California Department of Corrections and Rehabilitation. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist him in identifying the current address and other relevant contact information for Defendant Yers. The CDCR may provide the confidential information directly to the Court. *See Kindred v. Cabrera*, No. 1:19-CV-00901-JLT-EPG, 2022 WL 1017938, at *1 (E.D. Cal. Apr. 5, 2022).

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Because Plaintiff is seeking information about an employee at Central California Women's Facility, their employer, CSATF, appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist his in identifying and serving the Defendant Yers, such as any documents related to current home or mailing address of Kelly Vang Yers or other relevant contact information.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshals after they serve the subpoena. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as CSATF.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[1] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of this order, until September 8, 2026, to serve Defendant Yers with summons and complaint. Failure to file a motion to substitute by this deadline may result in the dismissal of this action.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;

2. Plaintiff has **30 days** from the date of service of this order to complete and return forms AO 88B and USM-285; and

\\\

\\\

\\\

\\\

\\\

---

[1] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

3.  Plaintiff has **120 days** from the date of this order, **until September 8, 2026**, to serve Defendant Yers with summons and complaint. **Failure to serve Defendant Yers by this deadline may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   __**May 11, 2026**__          /s/ _Erica P. Grosjean_
                                    UNITED STATES MAGISTRATE JUDGE