UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS D. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. YERS,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00677-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Marquis D. Turner is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's claim that Defendant Yers sexually harassed him in violation of Plaintiff's Eighth Amendment rights. (ECF No. 14).

On March 26, 2026, the Court issued an order finding service of the complaint appropriate and directing service be initiated on Defendant Yers. (ECF No. 15). On April 2, 2026, the California Department of Corrections and Rehabilitation ("CDCR") filed a Notice of Intent Not to Waive Service on behalf on A. Yers, indicating "[n]o record of employee by this name at CDCR." (ECF No. 18).

Thereafter, Plaintiff failed to identify a residential address or submit a subpoena for additional documents. However, on May 5, 2026, the U.S Marshals Service ("USMS") attempted personal service on a person identified as Brad Ayers at an address it located based on its own information. (ECF No. 19). However, when the USMS attempted service of the

summons and complaint, a "female resident last [name] Stephens advised did not [sic] Ayers and they had only been living at address for a few weeks. No alternate address." (*Id.*). The USMS returned the summons and complaint unexecuted. (*Id.*).

On May 11, 2026, the Court issued an order authorizing issuance of a subpoena duces tecum and setting deadlines. (ECF No. 20). The Court stated that "[t]o proceed against Defendant Yers, Plaintiff must identify an alternate address and serve this Defendant. Plaintiff will have an opportunity to seek information to learn Defendant Yers' current address and contact information. However, it remains Plaintiff's responsibility to serve Defendant Yers." (*Id.* at 2). Accordingly, the Court explained how to seek a subpoena *duces tecum* to obtain documents from CDCR that would assist him in identifying the current address and other relevant contact information for Defendant Yers. (*Id.*).  Specifically, the Court directed the Clerk of Court to send Plaintiff one copy of form AO 88B and one copy of form USM-285 and ordered Plaintiff to complete and return the forms within 30 days. Plaintiff has not submitted forms AO 88B and USM-285, and the time to do so has passed.

Accordingly, the Court will order Plaintiff to show cause as to why this action should not be dismissed, without prejudice, for failure to comply with court orders and failure to prosecute this case.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has twenty-one days from the date of service of this order to show cause as to why this action should not be dismissed, without prejudice, for failure to comply with court orders and failure to prosecute this case.[1]

\\\

\\\

\\\

\\\

\\\

---

[1] If, in response, Plaintiff submits completed forms AO 88B and USM-285 to the Court by this deadline, the Court will discharge this order to show cause.

    2.  If Plaintiff fails to file a response to this order, the case will be dismissed.

IT IS SO ORDERED.

Dated:   **July 9, 2026**            /s/ _Erica P. Grosjean_

                                                  UNITED STATES MAGISTRATE JUDGE