UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS D. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>A. YERS,<br><br>Defendant. | Case No. 1:25-cv-00677-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 20, 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I. INTRODUCTION

Plaintiff Marquis D. Turner is proceeding *pro se* and *in forma pauper*is in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's claim that Defendant Yers sexually harassed him in violation of Plaintiff's Eighth Amendment rights. (ECF No. 14).

On March 26, 2026, the Court issued an order finding service of the complaint appropriate and directing service be initiated on Defendant Yers. (ECF No. 15). On April 2, 2026, the California Department of Corrections and Rehabilitation ("CDCR") filed a Notice of Intent Not to Waive Service on behalf on A. Yers, indicating "[n]o record of employee by this name at CDCR." (ECF No. 18).

Thereafter, Plaintiff failed to identify a residential address or submit a subpoena for additional documents. However, on May 5, 2026, the U.S Marshals Service ("USMS") attempted personal service on a person identified as Brad Ayers at an address it located based on its own information. (ECF No. 19). However, when the USMS attempted service of the summons and complaint, a "female resident last [name] Stephens advised did not [sic] Ayers and they had only been living at address for a few weeks. No alternate address." (*Id.*). The USMS returned the summons and complaint unexecuted. (*Id.*).

On May 11, 2026, the Court issued an order authorizing issuance of a subpoena duces tecum and setting deadlines. (ECF No. 20). The Court stated that "[t]o proceed against Defendant Yers, Plaintiff must identify an alternate address and serve this Defendant. Plaintiff will have an opportunity to seek information to learn Defendant Yers' current address and contact information. However, it remains Plaintiff's responsibility to serve Defendant Yers." (*Id.* at 2). Accordingly, the Court explained how to seek a subpoena *duces tecum* to obtain documents from CDCR that would assist him in identifying the current address and other relevant contact information for Defendant Yers. (*Id.*). Specifically, the Court directed the Clerk of Court to send Plaintiff one copy of form AO 88B and one copy of form USM-285 and ordered Plaintiff to complete and return the forms within 30 days. (*Id.*). Plaintiff did not submit forms AO 88B and USM-285, and the time to do so expired.

On July 9, 2026, the Court issued an order to show cause why this action should not be dismissed, without prejudice, for failure to comply with court order and to prosecute this case. (ECF No. 21). The Court gave Plaintiff twenty-one days to respond to the order to show cause, specifically stating that "[i]f, in response, Plaintiff submits completed forms AO 88B and USM-285 to the Court by this deadline, the Court will discharge this order to show cause." (*Id.* at 2). The Court warned that "[i]f Plaintiff fails to file a response to this order, the Court will dismiss this action." (*Id.* at 3).

The deadline to respond to the order to show cause has expired, and Plaintiff has not filed a response or otherwise communicated with the Court. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for

failure to prosecute and failure to comply with a court order.

## II. ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to the Court's order requiring him to submit completed forms AO 88B and USM-285 to the Court and the order for Plaintiff to show cause why this case should not be dismissed, without prejudice, for failure to comply with court order and to prosecute this case. (ECF Nos. 20, 21). And this failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of

possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. (ECF Nos. 2, 8). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. However, the Court notes that it is recommending dismissal without prejudice and thus is not recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the above factors, the Court concludes that dismissal without prejudice is appropriate.

## III. ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to

challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE